IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| GARY L. ROBINSON, | ) | C/A No. 4:09-263-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| JON OZMINT, WARDEN, PERRY | ) | |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Gary L. Robinson, ("Petitioner/Robinson) is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 4, 2009. Respondent filed a motion for summary judgment on June 12, 2009, along with a return and supporting memorandum. The undersigned issued an order filed June 15, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on July 16, 2009.

It is recommended that this action be dismissed as barred by the statute of limitations, and there are no grounds for equitable tolling. However, the lengthy procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is presently confined in the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Dillon County Clerk of Court. The Dillon County Grand Jury indicted Petitioner at the January 1998 term of General Sessions for armed robbery (1998-GS-17-0180). A.C. Michael Stephens, Esquire represented Petitioner. After the State called the case to trial on December 2, 1998, Petitioner was found guilty as indicted. On December 3, 1998, the Honorable Edward B. Cottingham sentenced Petitioner to twenty-five (25) years imprisonment.[2]

**The First Direct Appeal**

A timely Notice of Appeal was filed on Petitioner's behalf and an appeal was perfected. The sole issue raised on appeal was: "Whether the court erred when it refused to order an evaluation of the appellant by the South Carolina Department of Disabilities and Special Needs as mandated by S.C. Code Ann. Section 44-23-410 where the evidence demonstrated that appellant required such an evaluation?"[3] (Final Brief of Appellant, the Honorable Edward Cottingham). The South Carolina

---

[2] The store clerk identified Petitioner at trial.

[3] A competency evaluation had been completed on Petitioner prior to trial by the Department of Mental Health. Petitioner was found competent to stand trial, criminally responsible, and able to conform his conduct to the requirements of the law. The evaluation report was entered into evidence prior to the trial and Judge Cottingham found Petitioner competent to stand trial. While the evaluation report found Petitioner competent to stand trial, it recommended that Petitioner be further evaluated by D.D.S.N. due to evidence of mild

Court of Appeals remanded the case with instructions for the circuit court judge to determine whether Petitioner was competent to stand trial in December 1998 after further evaluation. State v. Robinson, Op. No. 00-UP-710 (S.C. Ct. App. filed November 21, 2000). The Court of Appeals held that: (1) if the Petitioner was found competent, his conviction and sentence were affirmed and (2) if Petitioner was found incompetent, the conviction was reversed and Petitioner granted a new trial.

**The Competency Hearing Upon Remand**

A competency hearing was convened on December 3, 2002. Petitioner was again represented by A.C. Michael Stephens, Esquire. The Honorable J. Michael Baxley, Circuit Court Judge, found Petitioner was competent both at the original trial and during the competency hearing and affirmed Petitioner's conviction and sentence. (See written Order of Judge Baxley contained within the Appendix).

**The Second Direct Appeal**

Petitioner appealed to the South Carolina Court of Appeals. The issue raised on appeal was as follows: "The lower court erred in ruling appellant is presently competent and was also competent to stand trial in 1998." (See Final Brief of Appellant, the Honorable Michael Baxley, p. 3). The South Carolina Court of Appeals affirmed Judge Baxley's determination in a per curiam opinion and dismissed Petitioner's appeal. State v. Robinson, Op. No. 2004-UP-390 (S.C. Ct. App. filed June 21, 2004). The Remittitur was sent to the lower court on July 8, 2004.

---

retardation.

**The First PCR Action**

Petitioner filed an application for post-conviction relief (PCR) on December 1, 2004. (2004-CP-17-443). The Respondent made its return on March 24, 2005. Petitioner also filed a supplemental application on September 23, 2005. An evidentiary hearing into the matter was convened on October 12, 2005, at the Darlington County Courthouse before the Honorable Paul Burch, Circuit Court Judge ("the PCR Court"). Petitioner was present at the hearing and represented by Nancy H. Bailey, Esquire. Karen C. Ratigan, Esquire of the South Carolina Office of the Attorney General represented the Respondent.

Petitioner's trial counsel, A.C. Michael Stephens, Esquire testified at the hearing. The PCR Court had before it a copy of the trial transcript, the records of the Dillon County Clerk of Court, the Petitioner's records from the South Carolina Department of Corrections, the Application for Post-Conviction Relief, and the Respondent's Return to the same.

**ALLEGATIONS**

In his application for PCR, Petitioner alleged he was being held in custody unlawfully for the following reasons:

1. Ineffective assistance of counsel:

    a. "Failure to present documents and witnesses favorable to rebut and challenge the inconsistancies [sic] of the alleged victims identification of Applicant at trial."

2. Subject matter jurisdiction.

Counsel for Petitioner filed a supplemental PCR Application on September 23, 2005, in which the following issues were raised:

1. Ineffective assistance of counsel at trial:

    a. Failed to obtain transcript of preliminary hearing.

    b. Failed to view the videotape more than once before trial.

    c. Failed to understand the Applicant's mental limitations.

    d. Failed to adequately discuss plea bargain.

    e. Failed to secure a mental evaluation by the Department of Disabilities and Special Needs prior to trial.

2. Ineffective assistance of counsel at competency hearing:

    a. Failed to adequately prepare for hearing.

    b. Failed to subpoena Dr. Tracey Gunter.

    c. Failed to obtain documents and medical reports.

    d. Was not present at an evaluation on the day of the hearing.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In its Order denying relief, the PCR Court noted that it had the opportunity to review the record in its entirety and had heard the testimony and arguments presented at the PCR hearing. The PCR Court had further had the opportunity to observe the witness who testified at the hearing, and to closely pass upon his credibility. The PCR Court noted that it had weighed the testimony accordingly.

**Conclusion to the PCR Order**

Based on all the foregoing, the PCR Court found and concluded Petitioner had not established any constitutional violations or deprivations before or during his trial and sentencing

proceedings. The PCR Court found counsel was not deficient in any manner, nor was Petitioner prejudiced by counsel's representation. It was therefore ordered that the Application for Post-Conviction Relief was denied and dismissed with prejudice, and Petitioner was remanded to the custody of the Respondent for completion of his sentence.

**The Appeal from the denial of PCR**

Petitioner timely appealed from the denial of his Application for Post-Conviction Relief. Petitioner was represented in his appeal by Robert M. Pachak, Assistant Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Initially, the appeal was taken by way of a Petition for Writ of Certiorari to the South Carolina Supreme Court. The State filed a Return to the Petition for Writ of Certiorari. Appellant, through his appellate counsel, then filed a Johnson Petition for Writ of Certiorari before the South Carolina Supreme Court. Counsel raised the following issue: "Whether there was any evidence to support the PCR judge's findings that petitioner failed to prove the first prong of the Strickland test?" (See Johnson Petition page 2). Petitioner filed a *pro se* response. Petitioner raised similar but somewhat different issue: "Whether there was any evidence to support the PCR judge's findings that the Petitioner failed to prove the ____ [whited out] prongs of the Strickland test?" (See *pro se* response to the Johnson Petition page 2). The Supreme Court transferred the case to the South Carolina Court of Appeals. On May 14, 2008, the South Carolina Court of Appeals, after consideration of the entire record as required by Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), denied the petition for certiorari and granted appellate counsel's request to withdraw. The Remittitur was issued on May 30, 2008.

**The Second PCR Action**

Petitioner filed another application for post-conviction relief on September 26, 2008. (2008-CP-17-322). Respondent made its Return, requesting the Application be summarily dismissed.

**The Conditional Order of Dismissal**

The Honorable James E. Lockemy, Circuit Court Judge ("the 2nd PCR Court") entered a Conditional Order of Dismissal. In the Conditional Order of Dismissal, the 2nd PCR Court noted that Petitioner filed a PCR application on December 1, 2004 (2004-CP-17-0433) which was dismissed by Order signed October 24, 2005.

The 2nd PCR Court noted that in his second PCR Application, Petitioner alleged he was being held in custody unlawfully for the following reasons:

1. Subject matter jurisdiction.

2. Newly-discovered evidence.

3. Ineffective assistance of counsel.

The 2nd PCR Court found this matter should be summarily dismissed because Petitioner had failed to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. The 2nd PCR Court pointed out that S.C. Code Ann. §§ 17-27-10, et. seq. (2003). The Court also noted that Petitioner's conviction, sentence, and competency were affirmed by the South Carolina Court of Appeals on June 21, 2004. The 2nd PCR Court held that Petitioner was therefore required to file his application before June 21, 2005. The Application was filed on September 26, 2008, which was more than three (3) years and three (3) months after the statutory filing period had expired.

The 2nd PCR Court further found the current Application should also be dismissed because

it was successive to the previous application for post-conviction relief. The Court pointed out that successive applications for post-conviction relief are disfavored. *Referencing* Land v. State, 274 S.C. 243, 246, 262 S.E.2d 735, 737 (1980). The 2nd PCR Court found and concluded that as Petitioner had failed to present any reasons why he could not have raised the current allegations in his previous Post-Conviction Relief Application, the Application was dismissed.

The Court also found Petitioner's assertion that the trial court lacked subject matter jurisdiction to be without merit. The Court pointed out that the true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. *Citing* State v. Gentry, 363 S.C. 93, 103, 610 S.E.2d 494, 500 (2005). The 2nd PCR Court noted that indictments are not evidentiary or jurisdictional documents – they are merely notice documents. *Citing* Gentry, 363 S.C. at 102, 610 S.E.2d at 500. The 2nd PCR Court found the indictment in this case was true-billed and clearly sufficient to put Petitioner on notice of the charge he was facing.

The Court also found Petitioner's claim of newly- or after-discovered evidence were without merit. The Court pointed out that for an applicant to be granted post-conviction relief based on after discovered evidence, he must show the evidence:

> (1) Is such as would probably change the result if a new trial was had; (2) Has been discovered since the trial; (3) Could not by the exercise of due diligence have been discovered before the trial; (4) Is material to the issue of guilt or innocence; and, (5) Is not merely cumulative or impeaching.

*Citing* Hayden v. State, 278 S.C. 610, 611-12, 299 S.E.2d 854, 855 (1983) (citation omitted).

The 2nd PCR Court found Petitioner had not shown that the alleged evidence meets any of the requirements for after-discovered evidence. Most importantly, the "new evidence" offered by the

Petitioner was not material to the issue of guilt or innocence, and probably would not change the result if a new trial was had. *Citing* Hayden.

Based upon its review of the pleadings in this matter, the 2nd PCR Court expressed its intent to summarily dismiss this matter unless Petitioner advised the Court with specific reasons, factual or legal, why it should not dismiss the matter in its entirety. Petitioner was granted twenty (20) days from the date of service of this Order upon him to show why this Order should not become final by filing any reasons he may have with the Clerk of Court for Dillon County, South Carolina, and also by filing a copy of his reasons with the Office of the Attorney General. The Conditional Order of Dismissal was filed October 31, 2008.

**<u>The Final Order of Dismissal</u>**

Circuit Judge Paul Burch subsequently issued a Final Order of Dismissal dismissing with prejudice Petitioner's 2nd PCR Application. In his Final Order, Judge Burch noted that pursuant to the pleadings and records filed in this action, the Honorable James E. Lockemy – acting in his capacity as Chief Administrative Judge – issued a Conditional Order of Dismissal signed and filed October 31, 2008, provisionally denying and dismissing this action, while giving Petitioner twenty (20) days from the date of service of said Order in which to show why the dismissal should not become final. Attached to this Final Order and incorporated therein by reference was an Affidavit of Service dated November 13, 2008, serving the above-mentioned Conditional Order of Dismissal on Petitioner.

Judge Burch found Petitioner had failed to respond to either the Respondent's motion to dismiss or the Court's Conditional Order of Dismissal. Therefore, Judge Burch found a sufficient

9

reason has not been shown why the Conditional Order of Dismissal should not become final.

It was therefore ordered that, for the reasons set forth in the Court's Conditional Order of Dismissal, the 2nd application for PCR was denied and dismissed with prejudice.

Petitioner subsequently filed a Rule 59 Motion to alter or amend the judgement of the Court. (See attached letter from Assistant Attorney General Karen Ratigan dated April 29, 2009). Respondent filed a Return to the Motion to Alter or Amend the Order of Dismissal. On May 1, 2009, Judge Burch issued a Form 4 Order denying the request to alter or amend the judgement of the Court. (See attached Form 4 Order of Judge Burch). Respondent asserts that as of the date of the filing of their Return, Petitioner had filed no appeal from the dismissal of his 2nd PCR action.

## II. HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

**Ground One:** My 6th and 14th Amendment rights to the effective assistance of counsel were violated and due process of the law.

    a) My attorney was ineffective in that he failed to understand and add it to defendant's case at such a critical stage which clearly denies due process of the law.

**Ground Two:** My 14th Amendment rights was violated, rendering my case unlawful.

    a) I am being held unlawfully because the proper procedure was not followed in said matter.

**Ground Three page missing from habeas petition and not filed with Court.**

**Ground Four:** 6th and 14th Amendment and 1 [?] 3 Const. S. Carolina.

a) Trial Counsel was ineffective and State violated defendant 14 Amendment by his mental retardation by finding defendant guilty of armed robbery.

(Petition).

## III. SUMMARY JUDGMENT

On June 12, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case

11

makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Robinson filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure

of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V. DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. (Respondent's Memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[4] Subsection (d) of the statute

---

[5] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

13

now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner filed a direct appeal which the South Carolina Court of Appeals denied and the Remittitur was issued on July 8, 2004. Petitioner did not seek further review by the South Carolina Supreme Court. His conviction became final when the Remittitur was returned on July 8, 2004. *Se*e <u>Rand v. Padula</u>, 2009 WL 301918 (D.S.C. February 5, 2009) *citing* <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694 (5th Cir. 2003)(conviction becomes final and AEDPA statute of limitations begins to run when the period for seeking discretionary review from

14

a decision of the state's intermediate appellate court to state's highest court ends.). Further, Petitioner is not entitled to the ninety (90) day period for seeking such review. Thus, the limitations period began to run on July 8, 2004. Petitioner filed his first PCR application on December 1, 2004. One hundred forty-five (145) days of non-tolled time passed between the conclusion of direct review and the filing of the PCR application. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR. The South Carolina Supreme Court denied the petition, and the Remittitur was issued on May 30, 2008. Petitioner filed a 2nd PCR application which was dismissed as successive and time barred and was not properly filed under South Carolina Law thereby it did not toll the statute of limitations. Petitioner filed this habeas petition on February 4, 2009, with a Houston v. Lack, supra, delivery date of January 28, 2009. However, even using the date of January 28, 2009, the time is outside the limitations period. One hundred forty-five (145) days of non-tolled time had already lapsed. Another two hundred forty-three (243) days of non-tolled time lapsed before the present petition was delivered for mailing on January 28, 2009, for a total of three hundred eighty-nine (389) days of non-tolled time lapsed between the date Petitioner's conviction became final and the date the present action was filed. Therefore, it is recommended that respondent's motion for summary judgment be granted and the petition dismissed as time barred.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January

>   7, 1998, when the Maryland Court of Appeals denied Harris'
>   application for leave to appeal the denial of his petition. At this
>   point, the clock began running again on the one-year limitation
>   period, expiring one-and-one-half months later, in February 1998.
>   Harris did not file his federal habeas petition until July 22, 1998, six
>   months after his one-year period had expired. Therefore, the petition
>   was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

Petitioner has not presented evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the

> petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

In his response in opposition to the motion for summary judgment, petitioner argues that respondent's argument that he violated the ADEPA one year statute of limitations is "ambiguous Petitioner can show that he filed his 1st PCR in September 17, 2004. . . " (Doc.#26, p.2). Based on the fact that Petitioner has not shown any extraordinary circumstances to warrant equitable tolling, the petition is barred by the statute of limitations.

## VI. CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #22) be GRANTED, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,


                                            s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge
October 26, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**