IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gary L. Robinson, | ) |
|        Petitioner, | ) |
| vs. | ) Civil Action No.: 4:09-263-TLW-TER |
| Jon Ozmint, Warden, Perry Correctional Institution, | ) |
|        Respondent. | ) |

# ORDER

The petitioner, Gary L. Robinson ("petitioner"), proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. #1). On June 12, 2009, the respondent filed a motion for summary judgment. (Doc. #22). The petitioner filed a response in opposition on July 16, 2009. (Doc. #26). The case was referred to United States Magistrate Judge Thomas E. Rogers, III pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by the Magistrate Judge to whom this case had previously been assigned. (Doc. #28). On October 26, 2009, the Magistrate Judge issued the Report. In the Report, the Magistrate Judge recommends that the respondent's motion for summary judgment be granted and that the petition be dismissed without an evidentiary hearing. (Doc. #28). The Magistrate Judge notes that the petitioner filed this action after the applicable statute of limitations had expired. (Doc. #28). The petitioner has filed no objections to the Report. However, this Court has carefully reviewed the statute of limitations question as outlined herein.

In its motion for summary judgment, the respondent sets forth the dates that apply to the statute of limitations analysis with minimal explanation. The petitioner in this case filed a direct appeal of his state conviction to the South Carolina Court of Appeals. Under the AEDPA, the one year statute of limitations applicable to a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The South Carolina Court of Appeals issued its remittitur affirming the petitioner's state conviction on July 8, 2004. According to South Carolina Appellate Court rules, a litigant has 15 days from the date that the Court of Appeals issues its opinion to file a petition for rehearing. S.C. App. Ct. R. 221(a). The Court of Appeals will not issue the remittitur until the 15 day period for filing a petition for rehearing has elapsed. S.C. App. Ct. R. 221(b). Notably, if a petition for rehearing is filed and denied, the South Carolina Appellate Court will not issue its remittitur until the 30 day period for filing a petition for writ of certiorari to the South Carolina Supreme Court has expired. S.C. App. Ct. R. 221(b). If a litigant files a petition for writ of certiorari to the South Carolina Supreme Court, the Court of Appeals does not issue its remittitur until notified that the petition has been denied. S.C. App. Ct. R. 221(b). If the petition is granted by the South Carolina Supreme Court, the Court of Appeals does not send the remittitur. S.C. App. Ct R. 221(b). Thus, under the South Carolina Appellate Court rules, the Court of Appeals does not issue its remittitur until a litigant has had full opportunity to exhaust his direct appeal rights. In other words, the petitioner, under the Court of Appeals rule, had the time tolled between denial of relief by the Court of Appeals and the time to appeal to the state Supreme Court.

When a litigant files a direct appeal to the South Carolina Court of Appeals, but does not file

a petition for writ of certiorari to the South Carolina Supreme Court, the litigant's state conviction becomes final upon remittitur. See Smith v. McCall, 2009 WL 3233516 *3 (D.S.C. 2009), Rand v. Padula, 2009 WL 301918 *6 (D.S.C. 2009), Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). Because there was no petition for writ of certiorari to the South Carolina Supreme Court, the petitioner was clearly not entitled to an additional 90 days to file a petition for writ of certiorari to the United States Supreme Court. See Smith v. McCall, 2009 WL 3233516 *3 (D.S.C. 2009), Rand v. Padula, 2009 WL 301918 *6 (D.S.C. 2009). As stated earlier, the South Carolina Court of Appeals issued its remittitur affirming the petitioner's state conviction on July 8, 2004. Thus, the statute of limitations began to run on July 9, 2004. The AEDPA statute of limitations continued to run until the petitioner filed his first application for state PCR relief on December 1, 2004, and the statute began tolling on the day following the filing of the PCR application. Although the petitioner has asserted in his response to the respondent's motion for summary judgment that he filed his first PCR application on September 17, 2004, the petitioner did not set forth any evidence to support this assertion. This Court finds no basis in the record, nor has the plaintiff provided any credible evidence to show, that he filed his first PCR on September 17, 2004. Beginning on December 2, 2004, the statute of limitations was tolled during the time that the state PCR was pending. The state PCR was ultimately denied on May 30, 2008, and the statute of limitations resumed on the following day. The petitioner then filed this petition for relief pursuant to 28 U.S.C. § 2254 on January 28, 2009. Based on these dates, the Magistrate Judge determined that the petition in this case was filed outside of the statute of limitations. (Doc. # 28). Again, the petitioner filed no objections to the report. Objections were due on November 12, 2009.

      This Court is charged with conducting a de novo review of any portion of the Magistrate

Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation. It is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED.** (Doc. #28). For the reasons articulated by the Magistrate Judge, the respondent's motion for summary judgment, (Doc. #22), is hereby **GRANTED**, and the petition in this case is **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings and 28 U.S.C. § 2253. Applying the provisions set forth at 28 U.S.C. § 2253 (c), based on the analysis herein and in consideration of the fact that no objections were filed to the Report, this Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein.

  **IT IS SO ORDERED**.

                 s/Terry L. Wooten
                 United States District Judge

March 25, 2010
Florence, South Carolina